**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Darius Manley*
Case No. 3:16-cr-00103-TMB-MMS

By:  THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:  ORDER FROM CHAMBERS

The matter is before the Court on Defendant Darius Manley's Notice of Appeal and Memorandum in Support of Appeal from Magistrate's Detention Order (the "Appeal").[1] In his Appeal, Manley requests that this Court "order [his] release from custody pending revocation proceedings because he can establish by clear and convincing evidence that he is not likely to flee or pose a danger to the community."[2] The Government opposes the Motion.[3] On de novo review of the matter, the Court **DENIES** Manley's Appeal and **AFFIRMS** the Magistrate Judge's detention order.

U.S. Probation filed a petition to revoke Manley's supervised release on May 19, 2020 (the "Petition").[4] The Petition alleges that on May 17, 2020, Manley forced entry into his ex-girlfriend's home and assaulted and strangled her.[5] Manley allegedly took their 3-week-old son and left the residence on foot.[6] The Petition claims that after Manley was arrested, he attempted to kick the window out of an Anchorage Police Department patrol car and fought with the arresting officers.[7] Additionally, the Petition states that Manley was under the influence of alcohol at the time of his arrest.[8] Based on the foregoing allegations, the Petition asserts Manley committed six violations of the terms of supervised release on May 17, 2020.[9] Specifically, Manley is accused of committing the following state crimes: Assault in the Second Degree, Assault in the Third Degree, Assault in the Fourth Degree, Burglary in the First Degree, and Resisting Arrest.[10] He is also alleged to have consumed alcohol in violation Special Condition 2 of his supervised release.[11]

---

[1] Dkt. 166 (Appeal).
[2] *Id.* at 13.
[3] Dkt. 169 (Opposition).
[4] Dkt. 147 (Petition).
[5] *Id.* at 4.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 1–2.
[10] *Id.* at 1–2.
[11] *Id.* at 2.

1

Manley is being prosecuted by the State of Alaska for the state crimes listed above.[12] He has been released by the State on a $5,000 bond with a $1,000 cash deposit on May 19, 2020.[13] However, Manley remains in federal custody.[14] On July 14, 2020, Manley appeared telephonically in federal court for a bail review hearing.[15] After hearing the parties' arguments and Manley's proposed release plan, the Magistrate Judge denied bail and continued Manley's detention.[16] Manley now appeals that decision.[17]

When a defendant requests release pending a revocation hearing, the Court must apply the standard set forth by 18 U.S.C. § 3143(a)(1).[18] Section 3143 provides that courts must order a defendant detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." The burden of proof rests with the defendant.[19] Section 3142(g) identifies helpful factors for courts to consider when assessing the flight risk or dangerousness of a defendant, including: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristic of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

Here, Manley has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to others. The allegations contained in the Petition are deeply troubling. It charges Manley with having committed numerous violent crimes and absconding with a 3-week-old infant.[20] Moreover, Manley's performance on supervised release thus far has been poor.[21] In 2018, this Court sentenced him to 10 months of imprisonment for six violations of the terms of his supervised release.[22] Manley's history—including his offense of conviction—demonstrates a concerning pattern of dangerous behavior. Manley asserts that in the 18 months leading up to his arrest, he had been successfully complying with the conditions of supervision.[23] While this may be true, it does little to displace Manley's history of violence and violations. Therefore, Manley has failed to show by clear and convincing evidence that he is not likely to flee or pose a danger to others.

---

[12] *See State of Alaska v. Manley*, 3AN-20-03968CR.
[13] Dkt. 166-1 at 2–3 (State Court Docket).
[14] Dkt. 164 (Minute Order).
[15] Dkt. 164 (Minute Entry).
[16] *Id.*
[17] Dkt. 166.
[18] Fed. R. Crim. P. 32.1(6).
[19] *Id.*
[20] Dkt. 147 at 1–2.
[21] Since Manley was released from custody in 2016, four petitions to revoke supervised release have been filed against him. Dkts. 17 (2016 Petition); 73 (2017 Petition); 101 (2018 Petition); 147. Manley became a participant in the Alaska Hope Court program shortly after the 2016 Petition was filed. Dkt. 24 (Order). However, while the 2018 Petition was pending, Manley was terminated from the Alaska Hope Court program for violating its terms. Dkt. 104 (Order).
[22] Dkts. 141 (Minute Entry); 142 (Judgment).
[23] Dkt. 166 at 13.

Manley also contends that he should be released in light of the danger posed by the COVID-19 pandemic.[24] Specifically, Manley asserts that the fact that he underwent a complete splenectomy in 2018 makes him more vulnerable to serious illness or death from COVID-19.[25] Even assuming that the Court must balance Manley's danger to the community against the danger to his health in detention, the balance does not justify Manley's release. Manley concedes that the impact of splenectomies on the risk of severe illness from COVID-19 is unknown.[26] The Court is not aware of any local, state, or federal public health entity that has categorically found splenectomy patients are at a higher risk from COVID-19.[27] Therefore, Manley has not presented sufficient evidence to demonstrate that his medical condition or the conditions in his facility present a severe health risk in light of COVID-19.

Accordingly, Manley's Appeal at Docket 166 is **DENIED** and the Magistrate Judge's detention order at Docket 164 is **AFFIRMED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 7, 2020.

---

[24] *Id.* at 12.
[25] *Id.*
[26] *Id.*
[27] Manley cites a decision by the NHS in England to add splenectomy patients to a "shielded patient list," it is unclear what medical criteria was used by NHS England to make this decision or whether there was an express finding that splenectomy patients were documented to be at higher risk.